# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| GERALD LERNER, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV411-321 |
| UNITED STATES OF AMERICA, | ) ) | CR410-048 |
| Respondent. | ) ) | |

## **REPORT AND RECOMMENDATION**

Gerald Lerner is a liar, a cheat, and a crook. So said the judge who sentenced him to 37 months in prison for violating 18 U.S.C. § 1029(a)(2) (device fraud) after he opened an investment company account on credit, then extracted cash from it using rubber checks and a debit card. CR410-048, doc. 67 at 16-18, 20-22; doc. 68 at 9. He took no appeal. But he does seek 28 U.S.C. § 2255 relief, in which he "expressly waives his right to attack his conviction and instead, attacks his sentencing enhancements and resulting sentence." Doc. 65 at 1. He also raises an ineffective assistance of counsel (IAC) claim. *Id.*

On the sentencing claim he insists the "district court exceeded its jurisdiction by enhancing the sentence by six levels from nine to 15 when the defendant was factually innocent of the legal requirement for such an enhancement." Doc. 65 at 4. He supports this by asserting facts to show that he is "factually innocent" of the "intended loss" sentencing enhancement that the sentencing judge used to determine his sentence. *Id.* at 2. He argues that he should have been sentenced based on his victims' actual losses, not his intended losses. *Id.*

As the government correctly points out, Lerner's factual assertions[1] *contradict* what he agreed to be the truth when he asked this Court to accept his guilty plea -- one that resulted in a sentence far less, the Court later reminded, than he deserved.[2] CR410-048, doc. 67 at 16-18, 20-22; doc. 68 at 9. In any event, his sentencing error claim is procedurally defaulted. Lerner cannot use a collateral attack as a surrogate for a direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232

---

[1] Lerner failed to use this Court's § 2255 form, which would otherwise prompt him to affirm his factual assertions under penalty of perjury. However, he has made that affirmation in an Addendum, which includes an affidavit from him. Doc. 70-1 at 6 ("I, Gerald Lamer, certify under sworn oath penalties of perjury that my statements in the 2255 motion and Addendum are true."); doc. 72 at 7-11 (his affidavit).

[2] Unsurprisingly, the government says Lerner's § 2255 factual assertions should "be seen in a disingenuous light." Doc. 77 at 13.

2

(11th Cir. 2004). One must "advance an available challenge to a criminal conviction or sentence on direct appeal or else [be] barred from presenting the claim in a § 2255 proceeding." *Id.* at 1234.

Lerner can excuse that default by showing cause and prejudice or actual innocence of the sentencing enhancement. *Lynn*, 365 F.3d at 1234; *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000). While ineffective assistance can support a cause showing, *Eagle v. Linahan*, 279 F.3d 926, 937 (11th Cir. 2001); *Knight v. United States*, 2012 WL 2862546, at * 8 (N.D. Ala. Jul. 6, 2012), Lerner does not argue that.

Instead, he invokes only the "exceedingly narrow," actual innocence exception. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2007). For that "to apply in the noncapital sentencing context, a movant must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." *McKay v. United States*, 657 F.3d 1190, 1198–99 (11th Cir. 2011); *see also United States v. Allbritton*, 2012 WL 1970256 at * 2 (M.D. Fla. Jun. 1, 2012) (collecting cases). He must present "new reliable evidence" establishing his innocence. *House v. Bell*, 547 U.S. 518, 536–37; *Green v. United States*, 2011 WL 1897189 at * 6 (S.D. Ga. May 18,

3

2011). Lerner has offered only his own spin on the record evidence. That is not new, reliable evidence. Docs. 72 & 81. Plus it contradicts what he agreed was the truth during his guilty plea and sentencing hearings.[3] Hence, his procedural default cannot be excused.

On top of that, Lerner was sentenced within the statutory maximum, so his sentencing error claim is not cognizable under § 2255.[4] *Ayuso v. United States*, 361 F. App'x. 988, 991-92 (11th Cir. 2010) (§ 2255 movant's claim that the calculation of his criminal points under the guidelines was no longer correct because one of his state convictions was vacated after he was sentenced did not constitute a constitutional error and did not "implicate[ ] a fundamental defect in the validity of the district court proceedings" so as to rise to the level of a "miscarriage of justice."); *Vallas v. United States*, 2012 WL 2681398 at * 5 (S.D. Ala. Jun. 7, 2012).

---

[3] Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

[4] This argument pivots off what grounds for relief are obtainable under § 2255: (1) constitutional issues; 2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Finally, Lerner accuses his lawyer, Judson Hill, of providing him with ineffective assistance[5] "because [Hill] neither researched the facts in his case, permitting an illegal enhancement, nor interviewed witnesses that would have mitigated his sentence." Doc. 65 at 1.[6] In a later brief he complains that Lerner could have put a couple of "brokers" on the stand, plus documents he cites, to support his "sentencing innocence." Doc. 72 at 5; *see also* doc. 81.

Hill was not ineffective. He submitted a comprehensive objection to the Presentence Investigation Report (PSI) on which the sentencing

---

[5] In determining whether Hill provided Lerner with ineffective assistance of counsel this Court asks "whether [Hill's] conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Lerner must demonstrate both that Hill's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. On "alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04, 121 S. Ct. 696, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as any amount of actual jail time has Sixth Amendment significance *Id.*" *United States v. Berger*, 2012 WL 3240655 at * 2 (N.D. Fla. Jun. 12, 2012) (quotes omitted). But Lerner also must provide factual support; conclusory allegations will not suffice. *Id.*

[6] Hill, he explains, should have "investigated all the evidence well before the sentencing hearing," doc. 72 at 5, and he failed to meet with and "prep Lerner for the sentencing hearing." *Id.* Had Hill done his job, Lerner contends, he would have convinced the sentencing judge that Lerner had no intent to defraud the brokerage. *Id.* Actual losses, he figures, were only $3,800, not the $230,000 on which the judge based his sentence. *Id.*

judge relied, and renewed it at sentencing, arguing in both instances for a downward variance while raising the same, actual-versus-intended loss argument Lerner reiterates here. Doc. 68 at 4-5. Just because he failed to convince the sentencing judge does not mean he was ineffective. *Hensley v. United States*, 2010 WL 1837547 at * 4 (S.D. Ga. Apr. 14, 2010). One of the chief reasons why Hill was not convincing had to be Lerner's own guilty plea, where he admitted the facts supporting his intended losses. CR410-048, doc. 67 at 16-18, 20-22.

For that matter, Lerner never objected to the PSI's factual showing -- detailing his conduct and the dollar losses caused by it. In fact, he stood mute, as noted by the sentencing judge: "There being *no objections* to the factual statements contained in the [PSI], the Court adopts those statements as [its] findings of [f]act." Doc. 68 at 6 (emphasis added). It thus made sense for Lerner *not* to appeal. Tellingly, he does not fault Hill for failing to do so. And he fails to tender, for example, affidavits from the two brokers he claims would have neutralized his "sentencing guilt" evidence had Hill "properly" investigated Lerner's defense. All of these points, in turn, negate his IAC claim.

Gerald Lerner's § 2255 motion thus must be **DENIED**. The Court **GRANTS**, however, his motion to expand the record (he basically added and affidavit and other materials to support his claims, and 28 U.S.C. § 2255, Rule 7 authorizes same). Doc. 70. His "immediate release" motions, in contrast, are **DENIED**. Docs. 71 & 80. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 21st day of August, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA